NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 15-1485
_____

UNITED STATES OF AMERICA

v.

ANDRAE HENRY,
                    Appellant

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(District Court Criminal No. 1:12-cr-00194-007)
District Judge:  Honorable William W. Caldwell

Submitted Under Third Circuit LAR 34.1(a)
December 8, 2015

BEFORE:  FUENTES, SHWARTZ, and VAN ANTWERPEN, *Circuit Judges*

(Filed: January 11, 2016)
_____

OPINION[*]
_____

FUENTES, *Circuit Judge.*

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Andrae Henry appeals the District Court's judgment of conviction and sentence. His counsel has filed a motion to withdraw pursuant to *Anders v. California*, 386 U.S. 738 (1967). We will grant counsel's motion and affirm the District Court's decision.

I.

Henry pled guilty to criminal conspiracy to distribute and possess with intent to distribute cocaine, in violation of 21 U.S.C. § 846 and 21 U.S.C. § 841(b)(1)(c). Henry's Pre-Sentence Report ("PSR") concluded that the applicable guidelines sentencing range was 168-210 months.[1] Both parties filed objections to the PSR.

At Henry's sentencing hearing, the District Court overruled Henry's objections to the PSR's characterization of his role in the conspiracy and refused to reduce his criminal history categorization based on the severity of his prior offenses.[2] But the District Court agreed that the PSR overstated the attributable drug weight, and therefore reduced Henry's total offense level from 33 to 29, resulting in a new guidelines range of 108-135 months.[3]

The District Court next considered the sentencing factors enumerated in 18 U.S.C. § 3553(a). The court heard arguments from both parties concerning Henry's level of involvement in the conspiracy, his awareness of its extent, the fact that he did not use a firearm, his post-arrest cooperation with the government, his history of substance abuse and criminal behavior, and the lengths of the sentences issued to Henry's co-

---

[1] App. 67.
[2] *Id*. 34-39.
[3] *Id*. 32-34.

conspirators.[4]  The District Court granted Henry a downward variance and sentenced him to 84 months in prison—24 months below the low end of the calculated guideline range.

Henry filed a timely notice of appeal and his counsel filed a motion to withdraw. Henry has not filed a brief *pro se*.  The government has submitted a brief in support of counsel's *Anders* motion.

II.[5]

We start our review by considering whether counsel's brief fulfills the *Anders* requirements and whether our own independent review of the record reveals any nonfrivolous issues for appeal.[6]  "The duties of counsel when preparing an *Anders* brief are (1) to satisfy the court that counsel has thoroughly examined the record in search of appealable issues, and (2) to explain why the issues are frivolous."[7]  Counsel's brief thoroughly examines the record and identifies three potential issues for appeal: (1) whether the District Court had jurisdiction to enter the conviction and impose sentence, (2) whether Henry's guilty plea was voluntary, and (3) whether Henry's sentence was legally imposed and reasonable.[8]  We agree with counsel that these grounds for appeal are meritless.

---

[4] *Id*. 40-45.

[5] We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a)

[6] *United States v. Youla*, 241 F.3d 296, 300 (3d Cir. 2001).

[7] *Id*.

[8] Opening Br. 12.  As counsel and the government correctly recognize, these three issues are typically the only issues that may be raised on appeal following an unconditional guilty plea.  *See United States v. Broce*, 488 U.S. 563, 569 (1989); 18 U.S.C. § 3742(a).

*First,* there is no question that the District Court had jurisdiction over Henry's criminal conviction under 18 U.S.C. § 3231, as the crime involved a violation of federal law.

*Second*, the transcript of Henry's guilty plea hearing demonstrates that his plea was voluntary and knowing. The District Court explained, and Henry acknowledged that he understood, (1) that Henry was forfeiting his rights to a jury trial and to challenge the evidence against him, (2) the maximum penalties he was facing, and (3) the government's recitation of the facts and the criminal conduct that Henry was admitting.[9] Any challenge to the voluntariness of Henry's plea would therefore be meritless.

*Third,* the District Court's below-guideline sentence of 84 months was plainly reasonable. The court correctly calculated the applicable guidelines range and meaningfully considered the factors enumerated in 18 U.S.C. § 3553(a). It heard argument regarding Henry's participation in the crime as well as his personal history and characteristics, and granted a downward variance based on, *inter alia*, Henry's history of addiction and fairness concerns related to the sentences imposed on Henry's co-conspirators.[10] A sentence within the guidelines range is presumptively reasonable,[11] and that presumption is not rebutted where, as here, the District Court fully addressed the § 3553 factors and issued a sentence *below* the guidelines range. Accordingly, we

---

[9] *See* Transcript of Guilty Plea Proceedings at 4-10, *United States v. Henry*, No. 1:12-cr-00194 (M.D. Pa. July 29, 2015), ECF No. 1159.
[10] App. 45-46.
[11] *Rita v. United States*, 551 U.S. 338, 347 (2007).

4

conclude that any argument that Henry's sentence was procedurally or substantively unreasonable would be meritless.

III.

Counsel's brief satisfies the requirements of *Anders*. Our independent review of the record confirms counsel's belief that there are no nonfrivolous issues on appeal. Therefore, we will grant counsel's motion to withdraw and affirm the District Court's judgment.[12]

---

[12] Appellant is hereby advised that under the Criminal Justice Act, counsel is not obligated to file a petition for rehearng in this Court or a petition for writ of certiorari in the United States Supreme Court. *See also* LAR 35.4; 109.2(b). If Appellant wishes to pursue these avenues, he must do so *pro se.* Appellant should note that a petition for rehearing en banc must be filed within 14 days of the entry of judgment; if that time has passed, Appellant may promptly file a motion to enlarge the time for such filing. Counsel shall timely send a copy of this Opinion to the Appellant.